Filed 7/25/16  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065515 |
| v. | (Super.Ct.No. RIF1405157) |
| DAVID GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant David Garcia pleaded guilty to two counts of lewd and lascivious conduct on a child under the age of 14 years by force (Pen. Code, § 288, subd. (b)(1)); in return, the remaining allegations

1

were dismissed and defendant was sentenced to a stipulated term of 13 years in state prison. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea as well as the validity of the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In November 2014, defendant committed separate incidents of lewd and lascivious acts upon a child under the age of 14 years with the intent to arouse by the use of force.

On November 19, 2014, a felony complaint was filed charging defendant with two counts of sexual penetration by force on a child under the age of 14 years and seven or more years younger than defendant (Pen. Code, §§ 269, subd. (a)(5), 289, subd. (a); counts 1 and 2).

On November 13, 2015, the complaint was amended to add two counts of lewd and lascivious acts by force upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1); counts 3 and 4). In a negotiated plea, defendant thereafter pleaded guilty to counts 3 and 4 in exchange for a stipulated term of 13 years in state prison and dismissal of counts 1 and 2. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the possible consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea. Defendant waived his right to a presentence report, and the matter was referred to the probation department only for a Static-99 report.

On January 5, 2016, defendant was sentenced in accordance with his plea agreement as follows: the middle term of eight years on count 3, plus a consecutive low term of five years on count 4, for a total term of 13 years in state prison. Counts 1 and 2 were dismissed and defendant was awarded 829 days credit for time served.

On February 16, 2016, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea as well as the validity of the plea. Defendant did not request a certificate of probable cause.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.